UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JUAN PABLO RAMIREZ PUGA,

Petitioner,

v.

JASON KINGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, U.S. Attorney General, JARROD THOMPSON, Sheriff of Cassia County,

Respondents.

Case No. 1:26-cv-00507-DCN

**ORDER**

Before the Court is Petitioner Puga's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2).

Puga is a Mexican national who has lived in the United States since his entry without admission in 1995. Puga has two United States citizen children, and his mother is a permanent resident. Puga was recently taken into custody—along with multiple other individuals—while performing community service for a prior DUI.

Puga contends his continued detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

Having considered the Petition, the Court finds Puga may be entitled to relief. The Court will, therefore, order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

All district judges in the District of Idaho have explained their disagreement with DHS's interpretation of § 1225. The District's collective analysis is consistent with the *majority* of courts throughout the Country.[1]

Importantly, the Ninth Circuit recently confirmed Respondents' interpretation of 8 U.S.C. § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Puga who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Accordingly, the Court anticipates granting Puga's Petition and releasing him. However, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should result in a different outcome.

[1] While there are cases that have reached an opposite conclusion, the Court has explained why it disagrees with those decisions. *See, e.g.*, "Memorandum Decision and Order," Dkt. 11, Case No. 1:26-cv-00190-DCN. In any event, those opposing cases are not binding on this Court.

Again, however, the Court *does not need* extensive briefing on the interplay between § 1225 and § 1226. It knows the parties' positions. Thus, a statement or summary paragraph on that matter will suffice. The parties should, instead, focus their briefs on the specific facts of *this* case.

**ORDER**

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2) no later than **August 18, 2026.**
2. Petitioner shall have an opportunity to file a reply no later than **August 21, 2026.**
3. Service of the Petition, Motion for Temporary Restraining Order, and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho in accordance with Federal Rule of Civil Procedure 4(i) by **August 14, 2026,** and shall constitute good and sufficient service.
4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorneys' Office for the District of Idaho via email to this email address: USAID.HabeasPetitions@usdoj.gov.
5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of the Court.
6. To further preserve the status quo, and to protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until

the Court can issue a decision, Respondents may not engage in activities or communications with Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings without the presence of counsel.

DATED: August 13, 2026

David C. Nye
U.S. District Court Judge